UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT GRAYER<br>105 N. Bentley Avenue<br>Niles, OH 44446<br><br>and<br><br>BRIAN MORTON<br>823 Packard Street<br>Warren, OH 44483<br><br>on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>KENNAMETAL INC.<br>c/o Statutory Agent CT Corp System, Inc.<br>1300 East Ninth Street<br>Cleveland, OH 44114<br><br>    Defendant. | CASE NO.<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>**PLAINTIFFS' COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiffs, Robert Grayer and Brian Morton, by and through counsel, and for their Complaint against Kennametal Inc., ("Kennametal"), state and allege the following:

**INTRODUCTION**

1. This is a "collective action" instituted by Plaintiffs as a result of Defendant's practices and policies of not paying its hourly, non-exempt employees, including Plaintiffs and other similarly-situated employees, for all hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiffs' OMFWSA claims pursuant to 28 U.S.C. 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiffs was a citizen of the United States and residents of Trumbull County, Ohio.

6. At all times relevant herein, Plaintiffs were employees within the meaning of 29 U.S.C. § 203(e) and R.C. 4111.03(D)(3).

7. At times relevant herein, Defendant maintained its principal place of business in Allegheny County, Pennsylvania.

8. At all times relevant herein, Defendant was a foreign corporation, licensed to conduct business in the State of Ohio, and organized and existing under the laws of the State of Pennsylvania.

9. At all times relevant herein, Defendant conducted systematic and continuous business, and maintained at a physical location in Orwell, Ohio.

10. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. 4111.02(D)(2).

11. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

12. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. At all times relevant herein, Plaintiffs were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

14. Written consents to join this action as to Count I, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

15. Kennametal, Inc. is a manufacturing company that designs and manufactures engineered components, advanced materials and cutting tools.

16. Plaintiff Grayer has been employed by Defendant since 2004.

17. Plaintiff Morton has been employed by Defendant since 2008.

18. Plaintiffs and other similarly-situated manufacturing employees were employed by Defendant as manufacturing employees.

19. Plaintiffs and other similarly-situated manufacturing employees were non-exempt employees under the FLSA.

20. Plaintiffs and other similarly-situated manufacturing employees were paid an hourly wage.

**(Failure to Pay for All Hours Worked)**

21. Defendant failed to pay Plaintiffs and other similarly-situated manufacturing employees for all of the hours they worked each day.

22. When Plaintiffs and other similarly-situated manufacturing employees worked an

8-hour shift, they were provided with two 20-minute breaks, and were required to work an extra 20 minutes before their 8-hour shift. However, they were only paid for 8 hours of work per day, instead of 8 hours and 20 minutes of work per day.

23. Plaintiffs and similarly-situated manufacturing employees were required to being work 20 minutes before their scheduled shifts even when they worked less than full shifts and did not receive any scheduled break.

24. Plaintiffs and similarly-situated manufacturing employees were interrupted during their 20-minute breaks, did not have time to leave the premises, and/or did not have time to finish a meal.

25. Plaintiffs and similarly-situated manufacturing employees were not permitted to leave their workstations prior to their scheduled break periods, were required to be back at their workstations by the end of their scheduled break periods, were not permitted to eat at their workstations, and had to clean up and walk to a designated area some distance from their work stations where eating was permitted if they wished to eat something during the breaks.

26. The 20-minute breaks were not bona fide meal periods during which Plaintiffs and similarly-situated manufacturing employees were completely relieved from duty.

27. Defendant did not require Plaintiffs and similarly-situated manufacturing employees to clock out for their 20-minute breaks, and effectively treated the time as compensable time.

28. The 20-minute breaks Plaintiffs and other similarly-situated manufacturing employees received were compensable under the FLSA, 29 C.F.R. 785.18 ("Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be

counted as hours worked. Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time.").

29. Finally, the extra 20 minutes Plaintiffs and other similarly-situated manufacturing employees worked before their shift was compensable under the FLSA. This work constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

30. All, or at a very minimum part, of the designated break periods were working time and were for the primary benefit of Defendant.

31. Several employees complained to Defendant regarding the challenged practices herein.

32. As a result of Defendant's failure to pay Plaintiffs and other similarly-situated manufacturing employees for all hours worked each workweek, Plaintiffs and other similarly-situated manufacturing employees were denied significant amounts of overtime compensation.

**(Defendant Willfully Violated the FLSA)**

33. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

34. Plaintiffs bring Count One of this action on their own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

35. The class which Plaintiffs seek to represent and for whom Plaintiffs seek the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiffs themselves are members, is composed of and defined as follows:

> All former and current manufacturing employees employed by Kennametal Inc. in Orwell, Ohio at any time between June 7, 2013 and the present.

36. Plaintiffs are unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least several hundred persons.

37. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiffs, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiffs are representative of those other employees and is acting on behalf of their interests as well as their own in bringing this action.

34. These similarly-situated manufacturing employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

35. Plaintiffs bring Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of themselves and all other members of the class ("the Ohio Class") defined as:

> All former and current manufacturing employees employed by Kennametal Inc. in Orwell, Ohio at any time between June 7, 2013 and the present.

36. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiffs are unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least several hundred persons.

37. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

> (a) whether Defendant failed to pay overtime compensation to its manufacturing employees for hours worked in excess of 40 each workweek; and
>
> (b) what amount of monetary relief will compensate Plaintiffs Grayer and Morton, and other members of the class for Defendant's violation of R.C. 4111.03 and 4111.10.

38. The claims of the named Plaintiffs are typical of the claims of other members of the Ohio Class. Named Plaintiffs' claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of the other Ohio Class members.

39. Named Plaintiffs will fairly and adequately protect the interests of the Ohio Class. Their interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiffs' counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

40. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are

sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fair Labor Standards Act Violations)

42. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

43. Defendant's practices and policies of failing to pay Plaintiffs and other similarly-situated manufacturing employees for all of the hours they worked each day violated the FLSA, 29 U.S.C. § 207.

44. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

45. As a result of Defendant's practices and policies, Plaintiffs and other similarly-situated manufacturing employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Violations of Ohio Revised Code 4111.03)

46. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

47. Defendant's practice and policy of not paying Plaintiffs and other similarly-situated manufacturing employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated the OMFWSA, R.C. 4111.03.

48. By failing to pay Plaintiffs and other similarly-situated manufacturing employees

overtime compensation, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA, R.C. 4111.03.

49. As a result of Defendant's practices and policies, Plaintiffs and other similarly-situated manufacturing employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action, and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiffs and the class they represent actual damages for unpaid wages;

D. Award Plaintiffs and the class they represent liquidated damages equal in amount to the unpaid wages found due to Plaintiffs and the class;

E. Award Plaintiffs and the class they represent pre- and post-judgment interest at the statutory rate;

F. Award Plaintiffs and the class they represent attorneys' fees, costs, and disbursements; and

G. Award Plaintiffs and the class they represent further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Anthony J. Lazzaro
Anthony J. Lazzaro (0077962)
Chastity L. Christy (0076977)
Lori M. Griffin (0085241)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
chastity@lazzarolawfirm.com
lori@lazzarolawfirm.com

Richard Bush (0020899)
Green Haines Sgambati Co., L.P.A.
City Center One Building, Suite 800
100 Federal Plaza East
P.O. Box 849
Youngstown, Ohio 44501-0849
Phone: 330-743-5101

Attorneys for Plaintiffs

## JURY DEMAND

Plaintiffs demand a trial by jury on all eligible claims and issues.

/s/ Anthony J. Lazzaro
One of the Attorneys for Plaintiffs