UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT GRAYER and BRIAN MORTON, on behalf of themselves and all others similarl situated, | ) | CASE NO.: 1:16-cv-1382 |
| | ) | JUDGE CHRISTOPHER BOYKO |
| Plaintiffs, | ) | MAGISTRATE JUDGE PARKER |
| vs. | ) | **PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION, EXPEDITED OPT-IN DISCOVERY, AND COURT-SUPERVISED NOTICE TO POTENTIAL OPT-IN PLAINTIFFS** |
| KENNAMETAL INC. | ) | |
| Defendant. | ) | |

Plaintiffs Robert Grayer and Brian Morton, on behalf of themselves and all others similarly situated, respectfully move this Honorable Court, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and Fed. R. Civ. P. 26(d) and 83(b), for an Order conditionally certifying this case as a collective action and implementing a procedure, described in the accompanying Proposed Order (Exhibit 1), whereby prospective opt-in plaintiffs will be notified of Plaintiffs' FLSA claims and given an opportunity to join this action as party plaintiffs. Such relief is appropriate for the reasons discussed in the attached Memorandum in Support.

Respectfully submitted,

/s/ Chastity L. Christy
Anthony J. Lazzaro (0077962)
Chastity L. Christy (0076977)
Lori M. Griffin (0085241)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
chastity@lazzarolawfirm.com
lori@lazzarolawfirm.com

/s/ Richard Bush
Richard Bush (0020899)
Green Haines Sgambati Co., L.P.A.
City Center One Building, Suite 800
100 Federal Plaza East
P.O. Box 849
Youngstown, Ohio 44501-0849
Phone: 330-743-5101
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT GRAYER and BRIAN MORTON, on behalf of themselves and all others similarl situated, | ) | CASE NO.: 1:16-cv-1382 |
| | ) | JUDGE CHRISTOPHER BOYKO |
| Plaintiffs, | ) | MAGISTRATE JUDGE PARKER |
| vs. | ) | **MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION, EXPEDITED OPT-IN DISCOVERY, AND COURT-SUPERVISED NOTICE TO POTENTIAL OPT-IN PLAINTIFFS** |
| KENNAMETAL INC. | ) | |
| Defendant. | ) | |

## I. INTRODUCTION

On June 7, 2016, Plaintiffs Robert Grayer and Brian Morton initiated this collective action against Kennametal Inc. ("Kennametal") as a result of Defendant's practices and policies of not paying its hourly, non-exempt employees, including Plaintiffs and other similarly-situated employees, for all hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.C.S. 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

Plaintiffs Robert Grayer and Brian Morton pursue these claims as Representative Plaintiffs, on behalf of themselves and other similarly-situated employees. They do so pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the Act for unpaid minimum wages, overtime compensation, and liquidated damages "may be maintained against any employer… by any one or more employees for and on behalf of herself or themselves and other employees similarly situated."

Section 16(b) of the FLSA specifies that "[n]o employee shall be a party plaintiff to any action unless he gives his consent in writing to become such a party and such consent is filed in

the court in which such action is brought." Thus, FLSA actions like this one are "collective actions," and require other affected individuals to "opt into" the litigation. *See Albright v. Gen. Die Casters, Inc*., 5:10-CV-480, 2010 WL 6121689, *2 (N.D. Ohio July 14, 2010) ("under the FLSA a putative plaintiff must affirmatively opt into the class"); *Jackson v. Papa John's USA, Inc*., No. 1:08-CV-2791, 2009 WL 385580, *4 (N.D. Ohio Feb. 13 2009) (same).[1]

Conditional certification is appropriately considered early in an FLSA collective action so that court-authorized notice can be given to potential opt-in plaintiffs. Notably, 11 other individuals, in addition to Representative Plaintiffs, have already opted into this case by submitting written consents. (See Notice of Filing Consent Forms, filed on 6/8/16, 6/15/16, 6/17/16, 7/14/16, 7/21/16, and 7/22/16). Before additional individuals opt in, the potential opt-in plaintiffs need to be notified of the present collective action and their right to join this action. Only through proper notification will they have the opportunity to determine whether they would like to participate.

As shown below, Representative Plaintiffs have amply satisfied the "modest factual showing" required for conditional certification and the issuance of notice. *Comer v. Wal-Mart Stores*, 454 F.3d 544, 546, 548 (6th Cir. 2006). Accordingly, the Court should conditionally certify this action as a collective action and order that notice be given to potential opt-ins of their right and opportunity to join in the action pursuant to 29 U.S.C. § 216(b).

## II. CONDITIONAL CERTIFICATION AND ISSUANCE OF NOTICE TO POTENTIAL OPT-IN PLAINTIFFS IS WARRANTED UNDER SECTION 16(B) OF THE FLSA UPON A "MODEST FACTUAL SHOWING"

Courts in this Circuit have recognized that a collective action under the FLSA "furthers several important policy goals." *Albright,* 2010 WL 6121689, at *1; *Jackson*, 2009 WL 385580, at *3. These goals, the court explained, were identified by the Supreme Court in *Hoffman-*

[1] Unreported cases are attached as Exhibit 6.

*LaRoche v. Sperling*, 493 U.S. 165 (1989):

> First, the collective action "allows... plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources." Second, "[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity."

*Albright,* 2010 WL 6121689, at *1 (quoting *Hoffman-LaRoche*, 493 U.S. at 170); *Jackson*, 2009 WL 385580, at *3 (same).

Three essential principles have guided the courts' implementation of the policy goals recognized in *Hoffman-LaRoche*: (1) conditional certification enables managerial responsibility over the notice process so that opt-in plaintiffs can be notified in an efficient and proper way; (2) managerial control over the notice process should be exercised early in a case; and (3) conditional certification and notice should be approved based only upon a "modest factual showing."

### A. Conditional Certification Enables the District Court to Exercise Managerial Responsibility Over the Notice Process

*Hoffman-LaRoche* held that in a collective action, the district court "has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Hoffman-LaRoche*, 493 U.S. at 170-71. In the Sixth Circuit and elsewhere, district courts routinely play an active role in the opt-in discovery and notice process. *Albright,* 2010 WL 6121689, at *2-3; *Jackson*, 2009 WL 385580, at *4-5; *Douglas v. GE Energy*, No. 1:07-cv-77, 2007 WL 1341779, at *8 (N.D. Ohio April 30, 2007); *Miklos v. Goldman-Hayden Cos., Inc.*, No. 99-CV-1279, 2000 WL 1617969, at *2 (S.D. Ohio Oct. 24, 2000); *Brown v. Money Tree Mortgage, Inc.*, No. 2651-JWL, 222 F.R.D. 676 (D. Kan. Aug. 23, 2004); *Bradford v. Bed Bath & Beyond, Inc.*, 184 F. Supp. 2d 1342, 1345 (N.D. Ga. 2002); *Kane v. Gage Merch. Serv., Inc.*, 138 F. Supp 2d 212, 215 (D. Mass. 2001); *Morisky v. Public Serv.*

*Elec. and Gas Co*., 111 F. Supp. 2d 493, 497 (D. N.J. 2000); *Realite v. ARK Restaurants Corp*., 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998).

### B. **Managerial Control Over the Notice Process Should Be Exercised Early in the Case**

*Hoffman-LaRoche* held that "it lies within the discretion of a district court to begin its involvement early, at the point of the initial notice, rather than at some later time." *Hoffman-LaRoche*, 493 U.S. at 171. In *Jackson*, this Court catalogued the benefits of "early judicial intervention" in the notice process:

> In *Hoffman-LaRoche*, the Supreme Court also noted the "wisdom and necessity for early judicial intervention in the management of litigation." When dealing with a collective action, a "trial court can better manage [the] action if it ascertains the contours of the action at the outset." Additionally, "[b]y monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative. Both the parties and the court benefit from settling disputes about the content of the notice before it is distributed."

*Albright,* 2010 WL 6121689, at *2 (citations omitted) (quoting *Hoffman-LaRoche*, 493 U.S. at 171-72); *Jackson*, 2009 WL 385580, at *4 (same). *See also Braunstein v. Eastern Photographic Labs, Inc.*, 600 F.2d 335, 336 (2d Cir. 1978), *cert. denied*, 441 U.S. 944 (1979) (early facilitation of the opt-in process furthers the "broad remedial purpose" of the FLSA); *Myers v. Hertz Corp.*, 624 F.3d 537, 555 n.10 (2d Cir. 2010) (conditional certification's sole effect is "to facilitate the sending of notice to potential class members").

Early facilitation of the notice process is essential to the opt-in plaintiffs as well. The benefits of an FLSA collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make an informed decision about whether to participate." *Hoffman-LaRoche*, *supra,* 493 U.S. at 170. *Accord Douglas*, 2007 WL 1341779, at *3; *Miklos*, 2000 WL 1617969, at *4.

Indeed, for potential opt-in plaintiffs, time is of the essence. Unlike Rule 23 class

actions, the commencement of an FLSA collective action does not toll the running of the statute of limitations for putative class members. Rather, pursuant to the FLSA and the Portal-To-Portal Act, an opt-in plaintiff's claim against the employer is not commenced until the date his or her written consent to join the collective action is filed with the district court. *See* 29 U.S.C. §§ 216(b) and 256. *See Cahill v. City of New Brunswick*, 99 F. Supp. 2d 464, 479 (D.N.J. 2000). The district court's involvement "ensures that all potential plaintiffs receive timely notice of a pending suit." *Garner v. G.D. Searle*, 802 F. Supp. 418, 422 (M.D. Ala. 1991). *Accord Hoffman-La Roche*, 493 U.S. at 170; *Miklos*, 2000 WL 1617969, at *3.

**C. Courts Generally Approve Conditional Certification and Notice Based Only Upon a "Modest Factual Showing"**

Section 16(b) of the FLSA expressly authorizes a collective action to be maintained "by any one or more employees" on behalf of "themselves and other employees similarly situated." To determine "whether proposed co-plaintiffs are, in fact, similarly situated for the purposes of the statute's requirements," the courts "have used a two-phase inquiry." *Comer*, 454 F.3d at 546. *See also Ziemski v. P & G Hospitality Group, LLC*, No. 1:10-CV-2920, 2011 WL 1366668, *1 (N.D. Ohio Apr. 12, 2011) ("The Sixth Circuit expressed approval for the two-phase test developed by the district courts in the Sixth Circuit"); *Albright,* 2010 WL 6121689, at *2 ("courts have developed a two-stage approach"); *McNelley v. ALDI, Inc.*, 1:09-CV-1868, 2009 WL 7630236, *2 (N.D. Ohio Nov. 17, 2009) ("Courts generally use a two-stage approach"); *Jackson*, 2009 WL 385580, at *4 ("courts have developed a two-stage approach"); *Douglas*, 2007 WL 1341779, at *8 (this "court adopts the two-tiered approach"); *Harrison v. McDonald's Corp.,* 411 F.Supp.2d 862, 864-65 (S.D. Ohio 2005) ("[c]ourts have generally adopted a two-tiered certification approach").

As the Sixth Circuit explained in *Comer*, the first phase, which the court referred to as

"the notice stage," "takes place at the beginning of discovery." *Comer*, 454 F.3d at 546. At this stage, the court conditionally certifies a class as a "collective action for notice purposes." *McNelley*, at *4. "The second occurs after all of the opt-in forms have been received and discovery has concluded." *Comer*, 454 F.3d at 546. At this stage, "a court makes a final determination on whether class members are similarly situated based on a thorough review of the record." *McNelley*, at *4.

At "the notice stage," the representative plaintiff must show "only that 'his position is similar, not identical, to the positions held by the putative class members,'" and this determination "need only be based on a modest factual showing." *Comer*, 454 F.3d at 548 (quoting *Pritchard v. Dent Wizard Int'l*, 210 F.R.D. 591, 596 (S.D. Ohio 2002) (quoting *Viciedo v. New Horizons Computer*, 246 F.Supp.2d 886 (S.D. Ohio 2001)); *Allen v. Marshall Field & Co.*, 93 F.R.D. 438, 443 (N.D. Ill. 1982)). The determination "is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class.'" *Comer*, 454 F.3d at 547 (quoting *Morisky v. Public Serv. Elec. & Gas Co.,* 111 F. Supp. 2d 493, 497 (D.N.J. 2000) (quoting *Thiessen v. General Elec. Capital Corp.*, 996 F. Supp. 1071, 1080 (D. Kan. 1998); *Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234, 238 (N.D.N.Y. 2002)).

Courts have found that the representative plaintiff's burden is minimal at the notice stage. *Houston v. Progressive Cas. Ins. Co.*, No. 1:15-CV-1853, 2015 WL 8527339, at *1 (N.D. Ohio Dec. 11, 2015) (During the first stage, which typically takes place at the beginning of discovery, the standard for conditional certification is "fairly lenient."); *Ribby v. Liberty Health Care Corp*., No. 3:13-CV-613, 2013 WL 3187260 (N.D. Ohio June 20, 2013) ("the notice stage is fairly lenient and places a low burden on plaintiffs"); *Albright,* 2010 WL 6121689, at *3; *Jackson*, 2009 WL 385580, at *4; *Douglas*, 2007 WL 1341779, at *8; *Harrison v. McDonald's Corp.,* 411 F. Supp. 2d 862, 864-65 (S.D. Ohio 2005); *Pritchard,* 210 F.R.D. at 595. *See also Reab v.*

*Electronic Arts, Inc*., 214 F.R.D. 623, 628 (D. Colo. 2002) (granting conditional certification based largely on the allegations of the complaint, where 3,000 potential opt-in plaintiffs existed).

Other circuit courts concur that a plaintiff's burden at the notice stage is minimal. *See Cameron-Grant v. Maxim Healthcare Serv., Inc*., 347 F.3d 1240, 1243 (11th Cir. 2003) (citing *Hipp*, 252 F.3d at 1218 (11th Cir. 2001) ("At the notice stage, the district court makes a decision — usually based only on the pleadings and any affidavits which have been submitted — whether notice of the action should be given to potential class members. Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification.'"); *Thiessen v. GE Capital Corp*., 267 F.3d 1095, 1102 (10th Cir. 2001), *cert. denied*, 536 U.S. 934 (2002) (notice determination "requires[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan").

It is only "[a]t the second stage, following discovery, [that] trial courts examine more closely the question of whether particular members of the class are, in fact, similarly situated." *Comer*, 454 F.3d at 547; *Albright,* 2010 WL 6121689, at *3; *Jackson*, 2009 WL 385580, at *5. At that point "the court has much more information on which to base its decision and, as a result, [it] employs a stricter standard." *Comer*, 454 F.3d at 547 (citing *Morisky v. Public Serv. Elec. & Gas Co.,* 111 F.Supp.2d 493, 497 (D.N.J. 2000)). *See also Goldman v. Radioshack Corp*., No. 03-CV-0032, 2003 WL 21250571, at *8 (E.D. Pa. Apr. 16, 2003) ("A fact-specific inquiry is conducted only after discovery and a formal motion to decertify the class is brought by the defendant…. It is simply premature to do so now because we lack sufficient evidence to conduct a more rigorous inquiry."); *Mueller v. CBS, Inc*., 201 F.R.D. 425, 428 (W.D. Pa. 2001) (holding that the second stage comes after the "putative class members have filed their consents to opt-in and further discovery has taken place to support plaintiff's assertions… and the matter is ready

for trial.”).

## III. PLAINTIFFS HAVE SATISFIED THEIR MODEST BURDEN OF SHOWING THAT THE POTENTIAL OPT-IN PLAINTIFFS IN THIS FLSA COLLECTIVE ACTION ARE SIMILARLY-SITUATED

More than sufficient information exists in the present collective action to establish that the potential opt-in plaintiffs are similarly situated such that prompt notice of the action should be given. First, Representative Plaintiffs Robert Grayer and Brian Morton alleged in their Complaint and submitted declarations stating that they and the potential opt-in plaintiffs are similarly situated. (See Exhibits 2 and 3, Declaration of Consent of Robert Grayer and Declaration of Consent of Brian Morton.) Second, Opt-In Party Plaintiffs Brenda A. Biggs, Michelle Buell, Laura J. Ishee, Kristen A. Pawcio, Venita K. Swiney, William Strang, Samuel B. Wilkes, Jr., Deborah Quiggle, Pamela Gabrovsek, and Denise West have submitted declarations establishing that they are similarly situated to Representative Plaintiffs and the potential opt-in plaintiffs. (See Exhibit 4, Declarations of Opt-In Plaintiffs.)

### A. <u>Representative Plaintiffs Robert Grayer and Brian Morton Alleged in Their Complaint and Submitted Declarations Stating That They and the Potential Opt-in Plaintiffs are Similarly-Situated</u>

In Representative Plaintiffs’ Complaint, they defined the class as follows:

> All former and current manufacturing employees employed by Kennametal Inc. in Orwell, Ohio at any time between June 7, 2013 and the present.

(*See* Plaintiffs’ Complaint at ¶ 35). Representative Plaintiffs and the class are similarly situated in several ways. First, they are/were employed by Kennametal as hourly, non-exempt manufacturing employees. *Id*. at ¶ 19-20. Second, when they worked at least an eight (8) hour shift, they were required to work an extra 20 minutes before their shift. *Id.* at ¶ 22. Third, even though they were scheduled for an eight (8) or more hour shift, and were required to work an extra 20 minutes before their eight (8) or more hour shift, they were paid for only their shift, i.e.

eight (8) hours of work, rather than eight (8) hours and 20 minutes. *Id.* at ¶ 22.

In addition to the allegations in Plaintiffs' Complaint, Representative Plaintiffs submitted declarations stating that they and the potential opt-in plaintiffs are similar in these regards. Representative Plaintiff Robert Grayer declared:

1. I have been employed by Kennametal Inc. as an hourly, non-exempt manufacturing employee since October 2004.
2. I was not paid for all of the hours I worked each day. When I worked my 8-hour shift, I was provided with two 20-minute breaks, and I was required to work an extra 20 minutes before my 8-hour shift. However, I was only paid for 8 hours of work per day, instead of 8 hours and 20 minutes of work per day.
3. As a result of Kennametal's practices and policies, I was not compensated for all of the time I worked, including all of the overtime hours I worked over 40 each workweek.
4. I observed that Kennametal did this to other employees, and I believe I am similarly-situated to these employees.
5. I seek to recover unpaid overtime from Defendant under the FLSA, and consent to be a named Plaintiff in the above-captioned collective action. I agree to be bound by any adjudication of this action by the Court, and any collective action settlement approved by this Court as being fair, adequate, and reasonable.
6. I consent to bring this action on behalf of myself and a class of similarly-situated opt-in plaintiffs, as defined in the Complaint as follows:

   > All former and current manufacturing employees employed by Kennametal Inc. in Orwell, Ohio at any time between June 7, 2013 and the present.

7. I believe that I am similarly situated to the class of opt-in plaintiffs because, during my employment at Kennametal, I observed that the class and I:

a. were employed as hourly, non-exempt manufacturing employees;

b. were not paid for all of the hours we worked each day;

c. were required to work an extra 20 minutes before our eight (8) hour shifts;

d. were only paid for eight (8) hours of work, instead of 8 hours and 20 minutes of work per day; and

e. were not compensated for all of the time we worked, including all of the overtime hours we worked over 40 each workweek.

(*See* Exhibit 2, Declaration of Consent of Robert Grayer).

Additionally, Plaintiff Brian Morton declared:

1. I have been employed by Kennametal Inc. as an hourly, non-exempt manufacturing employee since 2007.
2. I was not paid for all of the hours I worked each day. When I worked my 8-hour shift, I was provided with two 20-minute breaks, and I was required to work an extra 20 minutes before my 8-hour shift. However, I was only paid for 8 hours of work per day, instead of 8 hours and 20 minutes of work per day.
3. As a result of Kennametal's practices and policies, I was not compensated for all of the time I worked, including all of the overtime hours I worked over 40 each workweek.
4. I observed that Kennametal did this to other employees, and I believe I am similarly-situated to these employees.
5. I seek to recover unpaid overtime from Defendant under the FLSA, and consent to be a named Plaintiff in the above-captioned collective action. I agree to be bound by any adjudication of this action by the Court, and any collective action settlement approved by this Court as being fair, adequate, and reasonable.

6. I consent to bring this action on behalf of myself and a class of similarly-situated opt-in plaintiffs, as defined in the Complaint as follows:

> All former and current manufacturing employees employed by Kennametal Inc. in Orwell, Ohio at any time between June 7, 2013 and the present.

7. I believe that I am similarly situated to the class of opt-in plaintiffs because, during my employment at Kennametal, I observed that the class and I:

    a. were employed as hourly, non-exempt manufacturing employees;

    b. were not paid for all of the hours we worked each day;

    c. were required to work an extra 20 minutes before our eight (8) hour shifts;

    d. were only paid for eight (8) hours of work, instead of 8 hours and 20 minutes of work per day; and

    e. were not compensated for all of the time we worked, including all of the overtime hours we worked over 40 each workweek.

(*See* Exhibit 3, Declaration of Consent of Brian Morton).

Thus, Representative Plaintiffs have sufficiently alleged that they and the potential opt-in plaintiffs are similarly situated. These specific and substantial allegations alone warrant conditional certification. *Reab,* 214 F.R.D. at 628.

**B. The Opt-in Party Plaintiffs Have Submitted Declarations Establishing That They Are Similarly Situated to Representative Plaintiffs and The Potential Opt-In Plaintiffs**

In addition to Representative Plaintiffs' allegations, Opt-In Party Plaintiffs Brenda A. Biggs, Michelle Buell, Laura J. Ishee, Kristen A. Pawcio, Venita K. Swiney, William Strang, Samuel B. Wilkes, Jr., Deborah Quiggle, Pamela Gabrovsek, and Denise West, who have already opted in to this collective action as party Plaintiffs pursuant to 29 U.S.C. § 216(b), have filed with the Court Notices of Consent, and have provided declarations establishing that they are

similarly situated to Representative Plaintiffs and the potential opt-in plaintiffs. They have stated:

> 1. I was/am employed by Kennametal as an hourly, non-exempt manufacturing employee.
>
> 4. I was not paid for all of the hours I worked each day. When I worked my 8-hour shift, I was provided with two 20-minute breaks, and I was required to work an extra 20 minutes before my 8-hour shift. However, I was only paid for 8 hours of work per day, instead of 8 hours and 20 minutes of work per day.
>
> 5. As a result of Kennametal's practices and policies, I was not compensated for all of the time I worked, including all of the overtime hours I worked over 40 each workweek.
>
> 6. I observed that Kennametal did this to other employees, and I believe I am similarly-situated to these employees.

(*See* Exhibit 4, Declarations of Brenda A. Biggs, Michelle Buell, Laura J. Ishee, Kristen A. Pawcio, Venita K. Swiney, William Strang, Samuel B. Wilkes, Jr., Deborah Quiggle, Pamela Gabrovsek, and Denise West.)

These ten (10) declarations, along with the Representative Plaintiffs' declarations, are more than sufficient evidence to warrant conditional certification. *Bauer v. Transtar Industries, Inc.,* No. 1:15-cv-2602, 2016 WL 1408830, *3 (N.D. Ohio 2016) (declaration of representative plaintiff and two (2) opt-in plaintiffs is sufficient "to meet the law threshold for showing they are similarly situated"); *Ziemski*, 2011 WL 1366668, at *2 ("affidavits of named plaintiff and two opt-in Plaintiffs fulfills the 'modest factual showing'"); *Douglas*, 2007 WL 1341779, at *6 (two affidavits are "sufficient to warrant conditional treatment of the case as a collective action" and notice to the opt-in class); *Brown* at *19 (conditional certification appropriate based on allegations in a complaint supported by affidavits of two former employees); *De Asencio v. Tyson Foods, Inc.*, 130 F. Supp. 2d 660, 663-64, aff'd 342 F.3d 301 (3rd Cir. 2003) (declarations of four employees justifies notice to the opt-in class); *Ziemski*, 2011 WL 1366668, at *2 ("affidavits of named plaintiff and two opt-in plaintiffs fulfills the 'modest factual showing'");

*Pendlebury v. Starbucks Coffee Co.*, No. 04-CV-80521, 2005 WL 84500, at *4 (S.D. Fla. January 03, 2005) (allegations in a complaint and declarations of four former employees sufficient to meet lenient standard to justify notice to "thousands of different store managers around the country"); *Chin v. Tile Shop, LLC*, 57 F. Supp. 3d 1075, 1083 (D. Minn. 2014) (declaration of representative plaintiff and two (2) other former employees is sufficient); *Houston v. Progressive Cas. Ins. Co.*, No. 1:15-CV-1853, 2015 WL 8527339 (N.D. Ohio Dec. 11, 2015) (allegations in complaint, two (2) representative plaintiff declarations, and 10 opt-in plaintiff declarations sufficient to "satisfy the 'similarly situated' requirement for purposes of conditional certification.").

## IV. PLAINTIFFS' PROPOSED OPT-IN DISCOVERY SHOULD BE APPROVED

Representative Plaintiffs easily meet the minimal burden of showing that they are similarly situated to the potential opt-in plaintiffs. Therefore, conditional certification of the FLSA class, expedited opt-in discovery, and court-supervised notice are warranted, as discussed above. *See* Section II(A)(2), *supra*.

To facilitate prompt notice to the potential opt-in plaintiffs, Representative Plaintiffs have attached hereto a set of opt-in discovery requests (*see* Exhibit 5). Therein, Plaintiffs seek the identity, contact information, and pertinent employment dates of all former and current manufacturing employees employed by Kennametal Inc. in Orwell, Ohio at any time between June 7, 2013 and the present.

The requested information is necessary to determine the contact information for the potential opt-in plaintiffs who will be eligible to be notified of this lawsuit in the event the Court grants the instant Motion. In *Hoffman-La Roche*, the Supreme Court flatly affirmed the district court's approval of both expedited interrogatories seeking the names of potential opt-in plaintiffs and court-facilitated notice to the potential opt-ins.

As discussed above, time is of the essence, because the commencement of an FLSA collective action does not toll the running of the statute of limitations for the potential opt-in plaintiffs. Accordingly, prompt notification is necessary for the potential opt-ins to receive the full benefit of the FLSA's collective action mechanism and vindicate their FLSA rights in an economical and efficient manner. *See Hoffman-LaRoche*, 493 U.S. at 170 (the benefits of a collective action "depend on employees receiving accurate and timely notice"); *accord Douglas*, 2007 WL 1341779, at *3; *Miklos*, 2000 WL 1617969, at *3.

## V. CONCLUSION

For the foregoing reasons, Representative Plaintiffs respectfully request that this Honorable Court conditionally certify the proposed FLSA class and implement a procedure, set forth in the accompanying proposed order (*see* Exhibit 1), whereby potential opt-in plaintiffs are notified of Plaintiffs, FLSA claims and given an opportunity to join this collective action as party plaintiffs pursuant to 29 U.S.C. § 216(b).

Respectfully submitted,

/s/ Chastity L. Christy
Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
Lori M. Griffin (0085241)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
chastity@lazzarolawfirm.com
lori@lazzarolawfirm.com

/s/ Richard Bush
Richard Bush (0020899)
Green Haines Sgambati Co., L.P.A.
City Center One Building, Suite 800
100 Federal Plaza East
P.O. Box 849
Youngstown, Ohio 44501-0849
Phone: 330-743-5101
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2016, a copy of the foregoing *Plaintiffs' Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs, and Memorandum in Support* was sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

/s/ Chastity L. Christy
One of the Attorneys for Plaintiff