# CLASS ACTION SETTLEMENT AND RELEASE AGREEMENT

1. Subject to approval by the United States District Court for the Northern District of Ohio, Eastern Division, Honorable Christopher Boyko, U.S. District Judge, presiding ("the Court") in the civil action entitled *Robert Grayer, et al. v. Kennametal Inc.,* N.D. Ohio Case No. 1:16-cv-01382 (the "Action" or "the Litigation"), this Class Action Settlement and Release Agreement ("Settlement Agreement") is entered into by and between Plaintiffs Robert Grayer and Brian Morton ("Class Representatives"), on behalf of themselves and on behalf of the Class as defined herein, and Defendant Kennametal Inc. ("Defendant" or "Kennametal").

## DEFINITIONS

2. The Class Representatives, members of the Class ("Class Members"), and Defendant are collectively referred to herein as "the Parties."

3. "Plaintiffs' Counsel" or "Class Counsel" are Anthony J. Lazzaro, Chastity L. Christy, and Lori M. Griffin of The Lazzaro Law Firm, LLC and Richard Bush of Green Haines Sgambati Co., LPA.  "Defendant's Counsel" is James F. Glunt of Reed Smith LLP.

4. "Class Representatives" are Robert Grayer and Brian Morton.

5. "FLSA Opt-In Party Plaintiffs" are the Class Representatives and the 192 additional persons who filed Consent Forms to join the collective action asserting claims arising under the Fair Labor Standards Act ("FLSA").

6. "Class Members" are the Class Representatives and the 355 additional persons who worked at Kennametal's facility in Orwell, Ohio as an hourly employee at any time between January 2014 through June 2016 and who were subject to an early start work schedule, and who did not opt-out of the Class Action, which included the FLSA Opt-In Party Plaintiffs.  **Exhibit 2** as attached to the Parties' Joint Motion for Preliminary Approval of Class Action Settlement is an accurate and complete list of the Class Members.

7. The "Calculation Period" for the Class Members shall mean the period between January 2014 through June 2016.

8. The "Released Claims" are all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description, including but not limited to unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees and expenses, as alleged in the Litigation, whether known or unknown, pursuant to the FLSA and Ohio Minimum Fair Wage Standards Act ("OMFWSA") for the Released Period.

9. The "Released Period" for Class Members shall mean the period of three years prior to the date the Action was filed through and including the date on which the Court gives final approval of settlement.

## FACTUAL AND PROCEDURAL BACKGROUND

10. On June 7, 2016, Robert Grayer and Brian Morton filed the Litigation as a collective action asserting violations of the FLSA, 29 U.S.C. §§ 201-219, as well as a Rule 23 class action asserting violations of the OMFWSA, O.R.C. § 4111.03.

11. On July 22, 2016, Plaintiffs' Counsel filed their Motion For Conditional Certification, Expedited Opt-In Discovery, And Court-Supervised Notice To Potential Opt-In Plaintiffs (Doc. No. 16), which this Court granted on September 13, 2016 (Doc. No. 48), conditionally certifying an FLSA collective action.  Notice was mailed to potential FLSA collective action members.  At the end of the FLSA collective action notice period, there were a total of 194 individuals who had filed consent forms opting in to the FLSA collective action, thereby becoming party plaintiffs.

12. After substantial discovery, on December 8, 2017, Plaintiffs' Counsel filed their Motion for Class Certification Pursuant to Civil Rule 23 (Doc. 109).  On July 30, 2018, the Court certified the following Rule 23 Class:  All current and former hourly employees of Kennametal who worked at Kennametal's facility in Orwell, Ohio between January 2014 and June 2016 and who were subject to a "shift overlap" or early start work schedule.

13. All members of the FLSA collective action are also Class Members, and with this settlement are not intended to receive duplicative recovery on both their federal and state law claims.

14. Throughout the course of this litigation, the Parties have engaged in substantial discovery and motion practice, including briefing relating to conditional certification and decertification of the FLSA collective action, and certification of the Rule 23 Class.

15. Throughout the course of this litigation, the Parties participated in three (3) separate mediations.  On June 5, 2019, the Parties participated in a mediation with Mediator Jerome F. Weiss. Following the mediation, Mr. Weiss continued settlement discussions between the Parties.  The specific settlement terms agreed to by the Parties and set forth in this Settlement Agreement were initially prepared by Mr. Weiss as his recommendation for a fair and final settlement, and each of the Parties in turn agreed to the exact proposal provided by Mr. Weiss.

16. It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all Released Claims for the Release Period.

17. It is the intention of the Parties that this Settlement Agreement shall constitute a full and complete settlement and release of the Released Claims, which release includes in its effect all present and former parent companies, subsidiaries, related entities, officers, directors, employees, agents, representatives, attorneys, insurers, affiliates, successors, and assigns of Defendant.

18. Class Counsel has conducted a thorough investigation into the facts of the Litigation and has diligently pursued an investigation of the Class Members' claims against

Defendant.  Based on their own independent investigation and evaluation, Class Counsel is of the opinion that the settlement with Defendant is fair, reasonable, adequate, and is in the best interest of the Plaintiffs in light of all known facts and circumstances, including the risks of significant delay and defenses asserted by Defendant.

19. The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of this Settlement Agreement, to effectuate all aspects of this Settlement Agreement, and to dismiss the Litigation with prejudice upon final approval.  Specifically, the Parties will file with the Court by November 11, 2019 a Joint Motion for Preliminary Approval of Class Action Settlement.  Provided the Court grants preliminary approval of the Settlement Agreement, Plaintiffs' Counsel will send notices to the Rule 23 Class Members regarding the settlement as provided herein. Within 45 days after mailing of the Class Notice, the Parties will file a Joint Motion for Final Approval of the Class Action Settlement and Class Counsel will file a Declaration verifying that the Class Notice was distributed.

### SETTLEMENT PAYMENT AND CALCULATION OF INDIVIDUAL PAYMENTS

20. **Total Settlement Amount and Time for Payment:** Conditioned on final Court approval of all terms and conditions of this Settlement Agreement and dismissal of the Action with prejudice, Defendant will pay in connection with the overall Settlement a Total Settlement Amount up to but not exceeding One Million Eight Hundred Twelve Thousand Five Hundred Dollars ($1,812,500.00), which sum will cover: (a) all of the Individual Payments to Class Members; (b) Class Representatives' Service Awards; and (c) Class Counsel's attorneys' fees and expenses. Defendant will cause all such payments to be mailed within fourteen (14) days of the Court's final approval of the Class Action Settlement and dismissal of the Action with prejudice.

21. **Payments to Class Members:**  Conditioned on final Court approval of all terms and conditions of this Settlement Agreement and dismissal of the Action with prejudice, One Million One Hundred Fifty-Five Thousand Five Hundred Ninety-One Dollars and Seventy-Nine Cents ($1,155,591.79) of the Total Settlement Amount will be paid to Class Members.

22. **Calculation of Individual Payments:** The Individual Payments, after deduction of Class Counsel's attorneys' fees and expenses and the Class Representative Service Awards from the Total Settlement Amount, have been calculated by Class Counsel and are based proportionally on each Class Member's overtime damages during the Released Period.

23. **Treatment of Individual Settlement Payments to Class Members:**  All Individual Payments to Class Members will be treated as payment for wages, shall be subject to withholding of all applicable federal, state, and local taxes.  Defendant will cause the Individual Payments to be reported to the IRS on an IRS Form W-2, issued to each Class Member in the ordinary course with respect to his/her Individual Payment.  Defendant will determine the proper tax withholding amounts in accordance with each Class Member's previously elected wage withholding instructions.  Defendant is responsible for payment of the employer's share of payroll taxes required by law which is in addition to the Total Settlement Amount.

24. **Class Representative Service Awards:** Conditioned on final Court approval of all terms and conditions of this Settlement Agreement and dismissal of the Action with prejudice, Forty Thousand Dollars ($40,000.00) of the Total Settlement Amount will be paid to Class Representatives Robert Grayer and Brian Morton as Class Representative Service Awards, in the amounts of Twenty Thousand Dollars ($20,000.00) to each. Defendant will cause the Service Awards to be reported to the IRS on an IRS Form 1099- Misc., issued to each Class Representative in the ordinary course with the Service Award amount in Box 3. Each Class Representative will be responsible for all taxes owed with respect to his Service Award.

25. **Class Counsel's Attorneys' Fees and Expenses:** Conditioned on final Court approval of all terms and conditions of this Settlement Agreement and dismissal of the Action with prejudice, Six Hundred Sixteen Thousand Nine Hundred Eight Dollars and Twenty-One Cents ($616,908.21) of the Total Settlement Amount will be paid to Class Counsel for attorneys' fees and expenses ($604,166.66 in fees and $12,741.55 in expenses) incurred in the Action. Defendant will issue a Form 1099-Misc. to each The Lazzaro Law Firm, LLC and Green Haines Sgambati Co., L.P.A. with respect to the attorneys' fees and expenses payable separately to each firm. Defendant will distribute payments to Class Counsel in two (2) separate checks as follows:

   a)   One check to The Lazzaro Law Firm in the amount of $414,724.95.

   b)   One check to Green Haines Sgambati Co., L.P.A. in the amount of $202,183.26.

## SETTLEMENT APPROVAL PROCEDURE

26. This Settlement will become final and effective upon occurrence of all of the following events:

   a)   Execution of this Settlement Agreement by the Class Representatives, Class Counsel, Defendant, and Defendant's Counsel.

   b)   Submission to the Court of a Joint Motion for Preliminary Approval of Class Action Settlement.

   c)   Entry of an Order by the Court, proposed by the Parties, granting preliminary approval of the Settlement, and approving the form, content, and method of distribution of the proposed notice to Class Members of the proposed settlement and the date of the Fairness Hearing ("Class Notice").

   d)   Distribution of the Class Notice in the form and manner approved by the Court.

   e)   Filing with the Court, prior to the Fairness Hearing, of a Declaration verifying that the Class Notice was distributed to the Class Members in the form and manner approved by the Court.

  f)  Convening of the Fairness Hearing.

  g)  Entry of a Final Order and Judgment Entry by the Court granting final approval of the Settlement Agreement, approving the proposed distributions, and dismissing this Action with prejudice.

## NOTICE TO THE CLASS MEMBERS

27. Within five (5) days after the entry of an order granting preliminary approval of the Rule 23 Class Action Settlement and approving the proposed form and method of distribution of the Class Notice, Defendant will provide to Class Counsel an Excel spreadsheet containing the names and last known addresses of all Class Members, according to records maintained by Defendant. Defendant agrees to provide this spreadsheet in a format reasonably acceptable to Class Counsel.

28. Within fourteen (14) days after receipt of the spreadsheet, Class Counsel will mail the Court-approved notice of settlement to all Class Members.

## OBJECTION AND HEARING

29. Class Members may make objections to this settlement by submitting objections to this Settlement Agreement by the deadline established by the Court. Objections must be in writing and must include a description of the basis of the objection. The objection must set forth the full name, current address, and telephone number of the objecting Class Member. Regardless of whether a Class Member served timely written objections to the settlement, any Class Member may present his or her objections to or concerns about the settlement at the Fairness Hearing. After the Fairness Hearing, Class Members shall be foreclosed from seeking review of the settlement by appeal or otherwise.

## SCHEDULE OF RULE 23 CLASS ACTION DISTRIBUTIONS

30. Within fourteen (14) days after the Court grants final approval of the Settlement, Defendant will mail the settlement funds to the Class Members, the Service Awards to Class Representatives, and the attorneys' fees and reimbursement of litigation expenses to Class Counsel. Upon the expiration of eight (8) months after the Effective Date, the amount representing Individual Payments that have not been cashed or were unable to be delivered will be donated to a bona fide charitable cause agreed to by the Parties.

## INDIVIDUAL PAYMENT PROCESS

31. All Individual Payments shall remain negotiable for a 90-day period after the date of the distribution. The face of each check sent to Class Members shall clearly state that the check must be cashed within ninety (90) days of its date of issuance. Individual Payments that have not been cashed within this time frame will become non-negotiable and void. For all Individual Payments that remain unpaid after the 90-day void period, Defendant will perform one LexisNexis credit-header search or other comparable search to obtain an updated address

and phone number and will attempt to contact the Class Member at the updated address and telephone number, if one is available.  If Defendant is able to contact the Class Member, an Individual Payment with a 90-day void period (from the date the updated address and phone number search begins) will be reissued to the Class Member's current address.

32. Whenever Defendant obtains a new address (from Defendant's searches, Class Counsel, or otherwise), the Defendant shall re-mail the Individual Payment using the most current address information then available.  Additional mailings shall terminate when the efforts required by this Settlement Agreement to find correct addresses have been exhausted, or upon the expiration of eight months after the Effective Date, whichever occurs earlier.

33. At monthly intervals, Defendant shall provide to Class Counsel a spreadsheet listing the names, addresses as originally provided, and most current contact information for all individuals whose Individual Payments have not been cashed.

## RELEASES AND RELEASED CLAIMS

34. Upon the Court's issuance of the final order approving the Settlement, all Class Members fully release and discharge Defendant and all present and former parent companies, subsidiaries, related entities, shareholders, officers, directors, employees, agents, affiliates, representatives, attorneys, insurers, successors, and assigns, from any and all Released Claims as defined in this Settlement Agreement.

## DUTIES OF THE PARTIES BEFORE COURT APPROVAL

35. The Parties shall promptly commence the following steps to seek court approval of this Settlement Agreement and the entry of Final Orders and Judgment Entry thereon:

   a) The Parties will submit to the Court a Joint Motion for Preliminary Approval of the Class Action Settlement.  The motion will include requests for Court's approval of reasonable attorneys' fees and expense reimbursements to Class Counsel and the Service Awards to the Class Representatives in recognition of their services in this Action.

   b) The Parties' motion will be accompanied by a proposed order granting preliminary approval of the Class Action Settlement, approving the form, content, and method of distribution of the Class Notice, and scheduling the date of the Fairness Hearing ("Preliminary Approval Order").

   c) In the event that the Preliminary Approval Order is entered, Plaintiffs' counsel will cause the Class Notice to be distributed to the Class Members in the manner described above and approved by the Court.

   d) Prior to the Fairness Hearing, Class Counsel will file with the Court a Declaration verifying that the Class Notice was distributed to the Class Members in the manner described above and approved by the Court.

e) Prior to the Fairness Hearing, the Parties will submit to the Court an updated version of the proposed Final Order and Judgment Entry granting final approval of the Settlement Agreement, approving the proposed distributions, releasing claims of the Representative Plaintiff and all Class Members, and dismissing this Action with prejudice.

## VOIDING THE SETTLEMENT AGREEMENT

36. If the Court does not approve the entirety of this Settlement Agreement, all portions of it are void, and the Parties are free to return to negotiated efforts to resolve the Litigation.

37. To the extent that any portion of this Settlement Agreement is determined to be void by the Court, Defendant does not waive, but rather expressly reserves, all rights to challenge any and all claims and allegations asserted by the Class Representatives and Class Members in the Action upon all procedural and substantive grounds. The Class Representative and Class Counsel agree that Defendant retains and reserves these rights, and they agree not to take a position to the contrary. Specifically, the Class Representatives and Class Counsel agree that, if the Action were to proceed, they will not argue or present any argument, and hereby waive any argument that, based on the settlement or this Settlement Agreement or any exhibit and attachment hereto, or any act performed or document executed pursuant to or in furtherance of the settlement or this Settlement Agreement, Defendant should be barred from asserting any and all other potential defenses and privileges. This Settlement Agreement shall not be deemed an admission by, or ground for estoppel against Defendant that class action treatment pursuant to Federal Rule of Civil Procedure 23 or on any other basis is proper or cannot be contested on any other grounds.

## PARTIES' AUTHORITY

38. The signatories represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties to its terms and conditions. The Class Representatives represent that they are authorized to enter into this Settlement Agreement in both their individual and representative capacities, and that by signing this Settlement Agreement, the Class Representatives are legally binding all Class Members to all of its terms.

## MUTUAL AND FULL COOPERATION

39. The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents as may reasonably be necessary to implement the terms of this Settlement Agreement. The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Courts, or otherwise, to effectuate this Settlement Agreement. As soon as practicable after execution of this Settlement Agreement, Counsel of the parties shall take all necessary steps to secure the Courts' final approval of this Settlement Agreement.

## NO ADMISSION OF LIABILITY

40. Each of the Parties has entered into this Settlement Agreement solely to resolve disputed claims based on disputed facts and allegations and to avoid the costs and risks of litigation. Neither the fact of this Settlement Agreement nor any of its parts, nor the consummation of this Settlement Agreement, shall be construed as an admission of wrongdoing, liability, culpability, and/or negligence on the part of Defendant or that any fact or allegation asserted by either Party was true.

## NOTICES

41. Unless otherwise specifically provided, all notices, demands or other communications in connection with this Settlement Agreement shall be: (1) in writing; (2) deemed given on the third business day after mailing; and (3) sent via email, facsimile, or United States registered or certified mail, return receipt requested, addressed as follows:

To the Class Representatives and/or the Class Members to both the following:

Chastity L. Christy  
Anthony J. Lazzaro  
Lori M. Griffin  
The Lazzaro Law Firm, LLC  
The Heritage Building, Suite 250  
34555 Chagrin Boulevard  
Moreland Hills, Ohio 44022  
Phone: 216-696-5000  
Facsimile: 216-696-7005  
chastity@lazzarolawfirm.com  
anthony@lazzarolawfirm.com  
lori@lazzarolawfirm.com  

Richard Bush  
Green Haines Sgambati Co., L.P.A.  
City Center One Building, Suite 800  
100 Federal Plaza East, Suite 800  
Youngstown, Ohio 44501-0849  
Phone:  330-743-5101  
Facsimile:  330-743-3451  
rbush@green-haines.com  

To Defendant:

James F. Glunt  
Reed Smith LLP  
225 Fifth Avenue  
Pittsburgh, PA 15222-2716  
Telephone:  412-288-4121  
Facsimile:  412-288-3063  
jglunt@reedsmith.com  

## CONSTRUCTION AND INTERPRETATION

42. The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive, and arms-length negotiations between the Parties and that this

8

Settlement Agreement shall not be construed in favor of or against any of the Parties by reason of their participation in the drafting of this Settlement Agreement.

43. Paragraph titles are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Settlement Agreement or any of its provisions.  Each term of this Settlement Agreement is contractual and not merely a recital.

44. This Settlement Agreement shall be subject to and governed by the laws of the State of Ohio.

## JURISDICTION

45. The Parties will request that the District Court retain jurisdiction to enforce the terms of the Settlement Agreement.

## MODIFICATION

46. This Settlement Agreement may not be changed, altered or modified, except in writing, signed by counsel for the Parties, and approved by the Court.  This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the Parties.  Notwithstanding the foregoing sentences, without further Order of the Court, the Parties may agree in writing to extensions of time to carry out any of the provisions of this Settlement Agreement.

## INTEGRATION CLAUSE

47. This Settlement Agreement contains the entire agreement between the Parties relating to any and all matters addressed in the Settlement Agreement (including settlement of the Litigation), and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, with respect to such matters are extinguished.

## BINDING ON ALL PARTIES

48. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## CLASS SIGNATORIES

49. It is agreed that it is impractical to have each Class Member execute this Settlement Agreement.  The previous FLSA Collective Action Notice and Rule 23 Class Action Notice, as well as the Notice of Class Action Settlement, advised all Class Members of the binding nature of the release.  This Settlement Agreement shall have the same force and effect as if each Class Member personally executed it.

## COUNTERPARTS

50. This Settlement Agreement may be executed in counterparts and signed and transmitted electronically via PDF, and it becomes binding and effective when all Parties have signed and delivered their counterpart.

IN WITNESS WHEREOF, the undersigned have duly executed this Settlement Agreement as of the date indicated below:

_____   Date: _____
CLASS REPRESENTATIVE
ROBERT GRAYER


_____   Date: _____
CLASS REPRESENTATIVE
BRIAN MORTON


_____   Date: _____
CLASS COUNSEL
CHASTITY L. CHRISTY


_____   Date: _____
CLASS COUNSEL
RICHARD BUSH


_____   Date: _____
KENNAMETAL INC.

By:_____

Its:_____


_____   Date: _____
DEFENDANT'S COUNSEL
JAMES F. GLUNT